CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 7 2006

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JOHN STYLES,** | ) |
| **Plaintiff,** | ) Case No. 7:06CV00311 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| **LIBERTY MUTUAL FIRE INS. CO.,** | ) |
| | ) By: James C. Turk |
| **Defendant.** | ) Senior United States District Judge |

The plaintiff, John Styles, filed a civil action in state court against the defendant, Liberty Mutual Fire Insurance Co., ("Liberty Mutual"), arising from fire damage that occurred on his property. The defendant removed the action to this court and filed a motion to dismiss. The court heard oral arguments on July 5, 2006. After consideration of the merits of the arguments, the defendant's motion to dismiss is **Denied**.

### I.

On July 16, 2004, a fire occurred on the plaintiff's property which damaged the structure located on the property and destroyed the plaintiff's personal possessions. The plaintiff had a homeowner's policy with the defendant which covered losses due to fire on the property. Upon investigation by the defendant and the local arson investigators, it was determined that the plaintiff committed the arson and was criminally charged. The charges were subsequently *nolle prosequied*. The plaintiff has maintained throughout that he did not commit the arson.

Due to the defendant's investigation and conclusion that the plaintiff committed the arson, it denied the plaintiff's loss claim request. The plaintiff filed this action alleging that the

1

defendant breached the terms of the homeowner's policy contract by denying coverage and acted in bad faith.

## II.

Dismissal under Rule 12(b)(6) is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct 99, 2 L. Ed. 2d 80 (1957). In considering a motion to dismiss, the court accepts as true all well-pleaded allegations in the complaint in the light most favorable to the plaintiff while drawing all reasonable factual inferences from those facts in the plaintiff's favor. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it. Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989). The defendant argues that the claim for bad faith should be dismissed without prejudice because, as a matter of law, it cannot proceed until a judgment against the insurer has been issued. In the alternative, the defendant argues that a bad faith claim cannot be based on the timing of the insurer's coverage decision or the fact that the insurer cooperated with fire officials in the arson investigation.

## III.

There is no separate tort of bad faith involving insurance coverage disputes in Virginia. See A & E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 676 (4th Cir. 1986). There is, however, a statutorily created remedy that allows a court to award attorney's fees and costs to the insured if the insurer acted in bad faith. See Va. Code § 38.2-209. The defendant is

2

correct that an award of fees and costs under this statute cannot be adjudicated until a decision has been issued on the breach of contract claim. It is incorrect, however, in asserting that the statutory remedy must be dismissed until the contract claim is decided.

Like any fee-shifting statute, Section 38.2-209 is not an independent substantive cause of action but a remedy providing incentive for parties to bring the underlying claim and a punishment for the offending party. See CUNA Mut. Ins. Soc'y v. Norman, 237 Va. 33, 38, 375 S.E.2d 724 (1989) ("This statute is both punitive and remedial in nature."). A demand under a fee-shifting statute is a corollary to the substantive cause of action. It is not pled separately because it is not a separate cause of action but a request in conjunction with the claim from which it arises. See Salomon v. Transamerica Occidental Life Ins. Co., 801 F.2d 659, 661 (4th Cir. 1986) (referring to a previous version of the fee-shifting statute, which is essentially similar to the current amendment, "the attorney fees statute, does not create a cause of action, but merely permits the award of attorney fees where a private cause of action already exists."). It need not be pled only after a judgment on the substantive claim but the court will only pass on the issue once a decision has been reached on the breach of contract claim.

The defendant relies on U.S. Airways, Inc., v. Commonwealth Ins. Co., 64 Va. Cir. 408; 2004 WL 1094684 (Va. Cir. Ct. 2004) (unpublished) and cases citing to it, for the proposition that a bad faith claim under the statute must be dismissed until a judgment on the breach of contract issue is decided. The U.S. Airways court correctly states that the fee-shifting statute does not create a separate cause of action. Id. at *9. It, however, dismisses the fee request claim until after a judgment on the breach of contract issue is decided. No Virginia Supreme Court opinion has held this proposition. Furthermore, U.S. Airways creates a troubling paradox as to

3

how and when a petitioner must raise the issue of fees and costs under the statute.

If the U.S. Airways court intended that the fee request be filed in a subsequent civil action, a party could not do such because a request under Section 38.2-209 is not a separate cause of action that can be independently brought. See Salomon, 801 F.2d at 661; U.S. Airways, 2004 WL 1094684 at *9. If the U.S. Airways court intended that the fee request be made for the first time after judgment on the coverage issue, the defendant would be prejudiced by not having notice at the outset of the action that it could be subject to a claim of fees and costs. See generally Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 716 n.4 (4th Cir. 1983) (stating, *inter alia*, that [petitioner's] failure to specifically state a claim for fees in the complaint barred such relief); see also Bullock v. Bullock, 2001 WL 1178534 (Va. Cir. Ct. 2001) (unpublished) ("The Court believes that the failure to file a pleading putting the other side on notice of a claim for attorney's fees bars [petitioner] from making that claim at this time."); Countryside Proprietary, Inc. v. King, 1991 WL 834799 (Va. Cir. Ct. 1991) (unpublished) ("[A] party seeking recovery for attorneys fees and costs must request them in a pleading filed before trial.").

The plain language of the statute makes clear that the fee request be brought within the same suit as the substantive claim. The statute states that in any civil action where there is a coverage dispute, the insured can recover fees and costs if the insurer acted in bad faith. See Va. Code § 38.2-209. Similar to any civil action in which costs or other fees are demanded, the request is entertained by the court only after the substantive cause of action is adjudicated. A request for fees or costs is not set out in a subsequent separate civil action but in the same matter from which it arises. Such a request must be made in the complaint, although it is not considered

4

until the denouement of the case. Therefore, the fee request will not be dismissed because it has been properly pled.

In addition, the court finds unconvincing the defendant's argument that discovery on the breach of contract claim and bad faith issue be bifurcated. The issue of coverage is intimately intertwined with the issue of bad faith. The breach of contract claim is premised on the plaintiff's allegation that the defendant denied his claim in bad faith. The defendant's actions subsequent to the loss claim filed by the plaintiff are material not only for the issue of bad faith but also to the issue of whether coverage should have been denied. This is because the defendant's rationale for its coverage decision will ultimately affect whether such decision was correct and whether there was bad faith.

Whether the defendant's denial of coverage under the policy was proper will depend on whether there is evidence that the plaintiff committed the arson. Whether the plaintiff committed arson will invariably include evidence as to how the defendant reached its conclusions, including details of the defendant's investigation and its interaction with local fire investigators. It would be inefficient to bifurcate discovery on issues that parallel each other and thus, the court will allow discovery on both issues to proceed simultaneously.

## IV.

In the alternative, the defendant argues that two of the plaintiff's bases for his bad faith argument cannot proceed as a matter of law. First, the defendant argues that an assertion of bad faith premised on the timing of the insurer's coverage decision is not recognized in Virginia. Liberty Mutual extracts from <u>CUNA</u> the proposition that the length of time it takes for the insurer to make a coverage decision is not applicable in the bad faith analysis. The defendant,

5

however, misconstrues CUNA. CUNA listed several factors that a court could consider in evaluating bad faith. CUNA, 237 Va. at 38. The list of factors, however, was not an exhaustive or exclusive list.

As the CUNA court stated earlier in its opinion, "in evaluating the conduct of an insurer, courts should apply a reasonableness standard." Id. Such a standard is not amenable to a precise definition because it depends on the circumstances of each individual case. Due to the vagueness of a reasonableness standard, the CUNA court decided to give guidance to lower courts by listing non-exclusive factors that should be considered. See Winston v. State Farm Fire & Cas. Co., 97 F.3d 1450, 1996 WL 500943 *3 (4th Cir. 1996) (unpublished) (explaining the inquiry into bad faith by stating "[s]everal of the non-exclusive factors" offered by CUNA). Never in CUNA or its progeny, did the Virginia Supreme Court hold that others factors may not be material.[1] The timing of a coverage decision, especially if severely tardy, would be a material factor to consider on the issue of bad faith. Otherwise, an insurer could indefinitely delay issuing a coverage decision without fear of penalty. Such conduct would not be reasonable or in good faith.

Second, the defendant is incorrect that the Arson Reporting Immunity Act ("ARIA"), Va. Code § 27-85.5, immunizes it from liability without exception. ARIA only immunizes the insurer for release of information arising from arson, made without actual malice. See Va. Code § 27-85.5E ("[P]ursuant to subsections A or B of this section [an insurance company] shall be immune from any liability arising out of a civil action . . . **unless actual malice** on the part of

---

[1] The defendant's citation to HHC Assocs. v. Assurance Co. of Am., 256 F. Supp. 2d 505 (E.D. Va. 2003) for the proposition that timing cannot be a factor to be considered is unconvincing because the Fourth Circuit in Winston, albeit it an unpublished opinion, stated that the CUNA factors were non-exclusive.

6

Case 7:06-cv-00311-JCT   Document 16   Filed 07/07/06   Page 6 of 7   Pageid#: 104

the insurance company . . . is present.") (emphasis added). The plaintiff is alleging that the defendant's interaction with fire officials was without merit and in bad faith. In essence, the complaint is alleging that the defendant knew it did not have reason to report that the plaintiff committed arson when it did so to arson investigators, in order to avoid its obligations under the insurance by having the plaintiff criminally prosecuted. Such conduct would support a claim of actual malice. Whether evidence of such nefarious conduct exists to survive summary judgment is questionable. The plaintiff's allegations, however, taken as true and in the light most favorable to him, state a claim.

## V.

The plaintiff's request for fees and costs under Section 38.2-209 is properly pled. Discovery on the breach of contract claim and bad faith issue will proceed simultaneously. Furthermore, the issue of bad faith can proceed on the plaintiff's allegations that the defendant conspired with fire officials and that it unreasonably delayed issuing a coverage decision.

ENTER:    This __7th__ day of July, 2006.

James C. Turk
Senior United States District Judge

7